70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ku'ulei A. KILIONA, Plaintiff-Appellant,
v.
STATE OF HAWAII, et al., Defendants,
and
Protection and Advocacy Agency of Hawaii; Kaihe Akahane;
Gary Smith, (collectively referred to as the "PAA
Defendants"). Defendants-Appellees.
 No. 94-15401.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1995.*
Decided Nov. 13, 1995.
 
 Before: HUG, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Ku'ulei Kiliona appeals pro se the district court's dismissal with prejudice of her federal complaint against numerous defendants and the imposition of Rule 11 sanctions against her. The claim arose out of plaintiff's dissatisfaction with the outcome of her workers' compensation claim. In her federal complaint, she alleged, inter alia, that the various defendants conspired against her to deprive her of her constitutional and statutory rights, alleging violations based on 42 U.S.C. Sec. 1983, Title VII, the Americans with Disabilities Act of 1990, the Civil Rights Act of 1991, and the Rehabilitation Act of 1973, along with various other state law claims. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 Plaintiff contends that the district court erred by dismissing her complaint and that she was denied due process of law by not receiving a fair trial because the district court failed to accommodate her disabilities. The district court granted summary judgment for the defendants in various separate orders. However, the court gave plaintiff leave to amend her complaint to adequately allege a section 1983 action against the defendants. The orders specified that unless plaintiff amended her complaint within a specified time, the claims against the defendants would be dismissed. Plaintiff was granted several extensions, but failed to amend her complaint; therefore, the district court dismissed plaintiff's federal claims as to all defendants with prejudice and declined to exercise jurisdiction over any remaining state law claims under the authority of United Mine Workers v. Gibbs, 383 U.S. 715 (1966). Plaintiff appeals.
 
 
 4
 Plaintiff was given adequate time to amend her complaint, with liberal extensions of the time deadline. Plaintiff did not properly amend her complaint and thus has elected to stand on the complaint as written. For the reasons expressed in the thorough orders entered by the district court, we affirm those orders and, therefore, affirm the judgment dismissing the federal claims against all defendants and declining to take jurisdiction of the state claims.
 
 II.
 
 5
 Plaintiff contends that the district court erred in awarding sanctions against her in favor of Dr. Maruyama. We review a district court's decision to award sanctions pursuant to Rule 11 for abuse of discretion. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1991).
 
 
 6
 Rule 11 was amended in 1993 to remove the mandatory nature of the sanctions. Roundtree v. United States, 40 F.3d 1036, 1040 (9th Cir.1994). Although the district court imposed the sanctions under the old rule, and ordinarily the proper course is to remand to the district court to afford it the opportunity to exercise its discretion, we conclude that remand is not necessary or just in this case. As in Roundtree, "the district court's order demonstrates that it was fully aware of the abusive course of [plaintiff's] advocacy, and it is highly unlikely that the court would choose to change its award of sanctions at this time." Id. at 1040-41. Furthermore, the court properly considered plaintiff's pro se status and the court's discretion in deciding to award sanctions against her. See Fed.R.Civ.P. 11 Adv.Comm.Notes to 1983 Amendment (the court has "sufficient discretion to take account of the special circumstances that often arise in pro se situations"); Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 7
 Here, the district court awarded Rule 11 sanctions against plaintiff because her claim against Dr. Maruyama was completely baseless as Dr. Maruyama had no contact whatsoever with plaintiff. After being advised of this, plaintiff refused to withdraw the complaint. Based on our review of the record, we conclude that the district court did not abuse its discretion.
 
 
 8
 Plaintiff's remaining contentions lack merit. For the reasons discussed above, the district court's order is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3